MRS. J. B. McGILL, MOTHER OF DECEASED EMPLOYEE, V. R. McGILL, AND J. D. BRIDGERS, NEPHEW, v. TOWN OF LUMBERTON, EMPLOYER, AND MARYLAND CASUALTY COMPANY, CARRIER.

(Filed 11 December, 1940.)

1. **Master and Servant § 40d—Evidence of death by violence raises presumption of death by accident.**

Claimants' evidence tended to show that deceased was employed as chief of police of defendant municipality and that deceased died as a result of a shot from a pistol while he was in his office. *Held:* Proof of death by violence raises a presumption of accidental death, casting the burden of going forward with the evidence upon the employer and insurance carrier to show that deceased killed himself, when relied on by them, sec. 13 of the Compensation Act (Michie's Code, 8081 [t]), and claimants' evidence is sufficient to support the finding of the Industrial Commission that death resulted from an accident arising out of and in the course of the employment, and such finding is upheld in accordance with the former decision in this case. (*McGill v. Lumberton*, 215 N. C., 752.)

2. **Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive on the courts when the findings are supported by any competent evidence, notwithstanding that the court, if it had been the fact-finding body, might have reached a different conclusion, the finding of facts from the evidence being the exclusive function of the Industrial Commission.

3. **Appeal and Error § 49b—**

The doctrine of *stare decisis* requires that decided cases should be given great weight when the same points again come up in litigation in the same jurisdiction, and that the court should not swerve or depart from the prior decisions from any private sentiments or judgment.

STACY, C. J., and WINBORNE, J., concurring.

BARNHILL, J., dissents.

Appeal by defendants from *Stevens, J.,* at May Civil Term, 1940, of Robeson. Affirmed.

The findings of facts and conclusions of law are as follows:

"This case was originally heard before Commissioner Dorsett at Lumberton, N. C., September 16, 1937. An opinion was filed October 5, 1937, in which it was held that the plaintiffs' deceased did not sustain an injury by accident arising out of nor in the course of his regular employment. An award was duly issued in accordance with said opinion on October 11, 1937. The plaintiffs appealed in apt time to the Full Commission, and it was heard before the Full Commission at Raleigh, N. C., on December 7, 1937. The opinion of the Full Commission was filed on February 12, 1937, affirming the findings of fact, conclusions of law, and the award of the hearing Commissioner, and an award was duly and properly issued in accordance therewith. The plaintiffs took an appeal in apt time to the Superior Court where the matter was heard before his Honor, Judge Sinclair, in the December Term, 1938, of Robeson County Superior Court. The Full Commission was affirmed and the case was appealed to the Supreme Court. The Supreme Court remanded the case to the Industrial Commission through the Superior Court 'to the end that the North Carolina Industrial Commission, applying the legal principles here declared, may proceed to findings of fact and a determination of the claim in accordance with prescribed practice.'

"In the able opinion rendered by *Winborne, J.,* it is said that 'While the burden of proof is upon those claiming compensation throughout to prove death of employee resulting from injury by accident arising out of and in the course of his employment, when evidence of violent death is shown, they are entitled at least to the benefit of the inference of accident from which, nothing else appearing, the Commission may find, but is not compelled to find, the fact of death resulting from injury by accident—a constituent part of the condition antecedent to compensation, injury by accident, arising out of and in the course of employment. In other words, this inference is sufficient to raise a *prima facie* case as to accident only. Then if employer claims death of employee is by suicide, the statute places the burden on him to go forward with proof negativing the factual inference of death by accident.'

"The Full Commission has written to both parties and the defendants do not desire to further argue the case before the Full Commission. Therefore, the Full Commission is deciding this case without additional evidence or further oral argument.

"Section 13 (8081 [t]) of the Compensation Law reads, in part: 'No compensation shall be payable if the injury or death was occasioned by the intoxication of the employee or by the willful intention of the

McGILL v. LUMBERTON.

employee to injure or kill himself or another. . . . The burden of proof shall be upon him who claims an exemption or forfeiture under this section.'

"The Full Commission has carefully reviewed the evidence in this case and after a further consideration of the evidence the Full Commission orders and directs that the original findings of fact of the hearing Commissioner be affirmed except as to Findings of Fact Nos. 5, 7 and 8, and as to those it is ordered that they be vacated and set aside. The Commission further orders and directs that the conclusions of law and award based thereon be vacated and set aside.

"In lieu of Findings 5, 7 and 8 (of the former opinion), the Full Commission makes the following *Findings of Fact:*

"1. That the death of the deceased, V. R. McGill, was the result of an injury and accident which did arise out of and in the course of his employment as chief of police of the town of Lumberton.

"2. That said deceased, V. R. McGill, did not commit suicide.

"3. That said deceased, V. R. McGill, left his mother, Mrs. J. B. McGill, as the only person wholly dependent upon him for support at the time of his injury and death.

"To sustain the position of the defendants that the deceased committed suicide we have evidence that the deceased was found dead in his office; that the office was not disarranged; that the discharged pistol was owned by the deceased; that the pistol was in such close proximity to the deceased's forehead that it caused powder burns, penetrating the skin; and that the pistol had a definite safety lock which would ordinarily prevent an accidental discharge of same.

"On the other side of the picture we have evidence that the deceased was a vigorous police officer, and the defendants have offered no evidence, either direct or by cross-examination, tending to establish a motive for suicide.

"The law placing the burden on the defendants to prove that the deceased did commit suicide, and the presumption being that he sustained an injury by accident, the Full Commission orders and directs that an award issue providing for the payment of compensation at the rate of $18.00 per week to the mother, Mrs. J. B. McGill, who was wholly dependent upon said deceased at the time of his injury and death; that said compensation shall be paid on the weekly installment basis not to exceed 350 weeks or $6,000; that since the compensation will total $6,000 no separate order will be issued as to the payment of burial expenses.

"It is ordered that the defendants pay the cost of the several hearings and trials. T. A. Wilson, Chairman. Examined and approved by: Buren Jurney, Commissioner."

In the second and final notice of formal award, is the following:

"The Full Commission directs that the original findings of fact in the opinion filed by then Commissioner J. Dewey Dorsett, on October 5, 1937, be affirmed, except as to Findings Nos. 5, 7 and 8, and as to these it is ordered that they be vacated and set aside; and it is further ordered and directed by the Full Commission that the conclusions of law and the award dated October 11, 1937, based thereon, be vacated and set aside, and in lieu of Findings Nos. 5, 7 and 8, the Full Commission makes the following:

"*Findings of Fact:* That the death of the deceased, V. R. McGill, was the result of an injury by accident which arose out of and in the course of his employment as chief of police of the town of Lumberton, defendant employer herein; that the said deceased did not commit suicide; and that the deceased, V. R. McGill, left his mother, Mrs. J. B. McGill, as the only person wholly dependent upon him for support at the time of his injury and death; and that the average weekly wage was in excess of $30.00.

"Defendants shall pay to the said Mrs. J. B. McGill, mother of the deceased, V. R. McGill, compensation at the rate of $18.00 per week for a period of 322⅔ weeks, or $6,000.00.

"Note: Since the compensation will total $6,000.00 no separate order will be issued as to the payment of burial expense.

"Defendants shall pay the cost of the several hearings and trials. N. C. Industrial Commission, By: T. A. Wilson, Chairman."

The defendants excepted and assigned error and appealed to the Superior Court from the award of the N. C. Industrial Commission entered as above, on 16 December, 1939.

The judgment of the Superior Court is as follows:

"This cause came on for hearing at the May, 1940, Civil Term of the Superior Court of Robeson County, before his Honor, Henry L. Stevens, Jr., Judge Presiding, upon the appeal of defendants from the findings of fact, conclusions of law and award of the North Carolina Industrial Commission in this cause, entered on December 16, 1939. After full consideration of the findings of fact, conclusions of law and the award of the Full Commission and the argument of counsel for both plaintiffs and defendants:

"It is considered, ordered and adjudged, that the findings of fact and conclusions of law of the Full Commission, entered in this cause as of December 16, 1939, are proper and justified from all the evidence in this cause, and the same are hereby adopted as the findings of fact and conclusions of law by this court, and the award of the Full Commission, entered hereon, that compensation at the rate of $18.00 per week be paid to the mother of the deceased, Mrs. J. B. McGill, and that said compen-

sation shall be paid on the weekly installment basis not to exceed 350 weeks, or $6,000.00, be, and the same is, hereby approved and adopted by this court.

"It is further considered and adjudged that the death of V. R. McGill was caused by an injury by accident arising out of and in the course of his employment by the town of Lumberton, N. C., and that the said V. R. McGill did not commit suicide, and that claim for compensation be and the same is hereby allowed and that the objections and exceptions of defendants to the award of the North Carolina Industrial Commission, as aforesaid, be and the same are overruled and denied.

"It is further ordered that defendants pay the cost of this action. It was agreed by counsel for plaintiffs and defendants, upon the hearing of this cause, that judgment might be signed by the court out of term and out of the district. Henry L. Stevens, Jr., Judge Presiding."

The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court. The material one is set forth in the opinion.

*F. Ertel Carlyle and McLean & Stacy for plaintiffs.*
*W. C. Ginter and Varser, McIntyre & Henry for defendants.*

Clarkson, J. The exception and assignment of error of defendants, which we cannot sustain, is as follows: "For that the court erred in concluding that 'The death of V. R. McGill was caused by an injury by accident, arising out of and in the course of his employment by the town of Lumberton, N. C., and that the said V. R. McGill did not commit suicide.' "

In a letter addressed to the North Carolina Industrial Commission by counsel for defendants, dated 11 July, 1939, is the following: "If we can be of any service or aid the Commission in filing of briefs or presentation of additional evidence, we shall expect to be commanded by you."

In the findings of fact of the Full Commission is the following: "The Full Commission has written to both parties and the defendants do not desire to further argue the case before the Full Commission. Therefore, the Full Commission is deciding this case without additional evidence or further oral argument."

The evidence in this case, which was considered before, is the same on the present appeal. The case was decided by the North Carolina Industrial Commission in conformity with the opinion in the former case. 215 N. C., 752. We see no reason to go into the matter again, as there was sufficient evidence for the North Carolina Industrial Commission to consider. We think there was sufficient competent evidence to support

the findings of the North Carolina Industrial Commission, and, on the facts found, the conclusions of law are correct.

In *Lassiter v. Telephone Co.,* 215 N. C., 227 (230), it is said: "It is established in this jurisdiction that the findings of fact made by the Industrial Commission, if supported by competent evidence, are conclusive on appeal and not subject to review by the Superior Court or this Court, although this Court may have reached a different conclusion if it had been the fact-finding body." *Blassingame v. Asbestos Co.,* 217 N. C., 223 (235).

In *MacRae v. Unemployment Compensation Commission,* 217 N. C., 769 (778), is the following: "In II Schneider, Workmen's Compensation Law (2d Ed.), part sec. 554, at pp. 2002-3, we find: 'The courts may not interfere with the findings of fact, made by the Industrial Commission, when these are supported by evidence, even though it may be thought to be error.' 'The rule . . . is well settled to the effect that, if in any reasonable view of the evidence it will support, either directly or indirectly, or by fair inference, the findings made by the Commission, they must be regarded as conclusive' (citing a wealth of authorities). Courts cannot demand the same precision in the finding of Commission as otherwise might be if the members were required to be learned in the law.' "

In *S. v. Dixon,* 215 N. C., 161 (167), we find: "Decided cases should be regarded as weighty authority, at least within the courts which decided them. As Broome puts it in that veritable storehouse of legal learning, Legal Maxims, 'It is, then, an established rule to abide by former precedents, *stare decisis,* where the same points come up again in litigation, as well to keep the scale of justice even and steady, and not liable to waver with every new judge's opinion, as also because, the law in that case being solemnly declared and determined what before was uncertain, and perhaps indifferent, is now become a permanent rule, which it is not in the breast of any subsequent judge to alter or swerve from according to his private sentiments; he being sworn to determine, not according to his private judgment, but according to the known laws and customs of the land—not delegated to pronounce a new law, but to maintain and expound the old one—*jus dicere et non jus dare.'* Legal Maxims, 8th Ed., p. 147."

The North Carolina Industrial Commission, the fact-finding forum, could have found from the evidence, when this case was remanded to it, in favor of defendants. This was not done, but the Commission decided in favor of plaintiffs. We are bound by its findings. For the reasons given, the judgment in the court below is

Affirmed.

STACY, C. J., and WINBORNE, J., concur on the ground that the case is controlled by the decision on the former appeal and the revised findings of the Commission made in accordance therewith.

BARNHILL, J., dissents.