MILLIE SUMPTER TAYLOR, ADMINISTRATRIX OF THE ESTATE OF MELVIN TAYLOR, DECEASED v. STONEWALL JACKSON MANUAL TRAINING AND INDUSTRIAL SCHOOL

No. 6919IC199

(Filed 18 June 1969)

**1. State § 10— tort claim — findings of Industrial Commission — appellate review**
    If any reasonable view of the evidence supports the critical findings and conclusions of the Industrial Commission, such findings and conclusions must be upheld on appeal.

**2. State § 6— tort claim — negligent act by state employee**
    Before an award of damages can be made under the Tort Claims Act, there must be a finding of a negligent act by an officer, employee, servant or agent of the State.

**3. State § 8— tort claim — sufficiency of evidence of negligence**
    In this action under the Tort Claims Act for the death of a 13-year-old child who ran into the side of a truck operated by a State employee, the evidence *is held* sufficient to support the findings and conclusions of the Industrial Commission to the effect that the truck driver drove at a reasonable speed, kept a proper lookout, applied his brakes when deceased ran into the road toward the side of the truck, and that the driver was therefore not negligent in the operation of the truck.

APPEAL by plaintiff-claimant from an opinion and award of the North Carolina Industrial Commission denying recovery.

Claimant is the administratrix of the estate of her thirteen-year-old son who died on 13 July 1966 as a result of an accident on 12

July 1966. Claimant's intestate was a student at the defendant school at the time of the accident, having been committed to the defendant school in July 1965 for the offense of breaking out a window with a rock. This claim for damages was brought under the provisions of the Tort Claims Act, North Carolina General Statutes, Chapter 143, Article 31.

On 12 July 1966, claimant's intestate was in a group of twelve to fifteen students who were going to the gymnasium. The regulations at the school required that the students travel in single file. The group of which the claimant's intestate was a member was traveling west along a paved street on their right-hand side, or the north side of said street. When they reached a point approximately 20 feet east of the intersection with another paved street which they were to cross in order to get to the gymnasium, a scuffle broke out between two of the boys in the file and they all stopped. The supervisor of the school laundry, which was adjacent to the street at the point the scuffle began, came out of the laundry and told the boys to break it up and go down to the gymnasium. The building in the northeast corner of the intersection was approximately three feet north of the edge of the street in which claimant's intestate was with the group, and approximately three feet from the east edge of the intersecting street. The street on which claimant's intestate was traveling was downgrade to the intersecting street.

At this time an employee of defendant school was driving a dump truck south along the intersecting street. The intersecting street along which the dump truck was traveling was ten to twelve feet in width.

When the laundry supervisor told the boys to break it up and go down to the gymnasium, claimant's intestate, who was at the head of the line, "broke from the line and ran across" the intersecting street. He ran downhill into the intersecting street and into the left front of the dump truck; he threw out both hands and hit the truck approximately four feet from the front and then fell to the pavement, hitting his head and suffering the injury which caused his death the next day. The dump truck had slowed for the intersection and was traveling ten m.p.h. The driver first observed claimant's intestate when he was running downhill towards the truck and about ten feet from the truck. He applied his brakes and stopped the truck within eight to ten feet.

After finding facts approximately as stated above, the hearing commissioner found the following:

"4. The above named employee of defendant drove the

truck at a slow and reasonable rate of speed and kept a proper lookout. He immediately applied the brakes of the truck that he was driving when the deceased ran into the road towards the side of the truck. Such employee of defendant acted the same as a reasonably prudent person would have done under the same or similar circumstances and there was no negligence upon his part.

"5. Deceased was a boy of 13 years of age at the time of his death, he having been born on 21 December 1952. He was a healthy boy and a good student at defendant's school. The deceased, by running into the north-south road and into the side of the truck, did other than a reasonably prudent person of the same age and experience of deceased would have done under the same or similar circumstances. This constituted negligence upon his part and such negligence was the proximate cause of the accident giving rise hereto."

The hearing commissioner thereafter made two conclusions of law as follows:

"1. There was no negligence upon the part of the above named employee of defendant. This is fatal to plaintiff's claim and it must be denied. G.S. 143-291 ET SEQ.

"2. There was contributory negligence upon the part of the deceased. This is fatal to plaintiff's claim and it must be denied. G.S. 143-291 ET SEQ."

The claimant excepted to the two conclusions of law and applied for review by the Full Commission. The Full Commission, after hearing, overruled each of the claimant's exceptions and adopted as its own the findings of fact and conclusions of law of the hearing commissioner. The claimant brings her exceptions forward to this Court and assigns them as error.

*West & Groome, by Ted G. West, attorneys for the plaintiff-claimant.*

*Townsend & Todd, by J. R. Todd, Jr., attorneys for the defendant.*

BROCK, J.

[1] Claimant argues that the finding and conclusion by the Industrial Commission that the driver of defendant's dump truck was not negligent is contrary to the greater weight of the evidence. "The Commission is the sole judge of the credibility of the witnesses and

the weight to be given their testimony." *Anderson v. Construction Co.,* 265 N.C. 431, 144 S.E. 2d 272. The appellate courts do not retry the facts, notwithstanding that the appellate court, if it had been the fact finding body, might have reached a different conclusion. *McGill v. Lumberton,* 218 N.C. 586, 11 S.E. 2d 873. If in any reasonable view of it, the evidence is sufficient to support the critical findings and conclusions of the Industrial Commission, such findings and conclusions must be upheld. *Keller v. Wiring Co.,* 259 N.C. 222, 130 S.E. 2d 342.

[2, 3]   It is a sad and tragic event whenever the life of a child is cut short, but the State cannot be an absolute insurer of the safety of everyone committed to its custody. Before an award of damages can be made under the Tort Claims Act, there must be a finding of a negligent act by an officer, employee, servant or agent of the State. G.S. 143-291. In our opinion a reasonable view of the evidence supports the critical findings and conclusions in this case.

Because of what has heretofore been said, the question of the finding and conclusion respecting contributory negligence on the part of claimant's intestate becomes immaterial and we do not pass upon that phase of the appeal.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.