ROBERT R. LUCAS, EMPLOYEE, PLAINTIFF v. THOMAS BUILT BUSES, INC., EMPLOYER, AND NATIONWIDE MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8710IC714

(Filed 2 February 1988)

1. **Master and Servant § 96.6— workers' compensation—finding that plaintiff was not temporarily totally disabled—insufficiency of evidence**

    A conclusion by the Industrial Commission that there was no evidence that plaintiff was temporarily totally disabled after 12 March 1985 was not supported by the record where there was testimony by a second physician that after April 1985, when the physician first saw plaintiff, plaintiff was still unable to work, and the physician diagnosed plaintiff as having a bulging disc, the same diagnosis originally made by the first physician following plaintiff's accident.

2. **Master and Servant § 75— workers' compensation—payment of doctor's bill denied—improper basis**

    The Industrial Commission erred in denying treatment expense for the services rendered plaintiff by a physician based on the fact that the physician was plaintiff's second physician of choice, since the determinations for the Commission to make were whether there was Commission approval of plaintiff's choice of the named physician and whether treatment was to effect a cure or rehabilitation.

3. **Master and Servant § 96.6— admission of liability by employer—Commission's conclusion that no causation shown—denial of award improper**

    In a workers' compensation case where the employer admitted liability, the Industrial Commission's conclusion that there was no evidence to show causation was not a basis for denying plaintiff's award.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award filed 28 April 1987 before the Full Commission. Heard in the Court of Appeals 6 January 1988.

Plaintiff's claim before the North Carolina Industrial Commission alleged temporary total disability as a result of a back injury sustained while working for defendant-employer on 12 November 1984. Plaintiff, Robert Lucas, injured his back in the performance of his employment on 12 November 1984. He was initially sent to a medical clinic selected by defendant-employer. On 4 December 1984, after experiencing little improvement, plaintiff sought treatment from Russell Blaylock, M.D. Dr. Blaylock treated plaintiff for back strain and performed a CAT scan which revealed signs of a bulging disc in plaintiff's lower back. Blaylock was also of the opinion that plaintiff was developing arthritis. Plaintiff was found to be temporarily totally disabled until 12 March 1985 when, upon advice of Dr. Blaylock, plaintiff returned to work without restriction. Still in pain, plaintiff contacted orthopedic surgeon Dr. James Maultsby in April 1985. Dr. Maultsby concurred with Dr. Blaylock's conclusions regarding plaintiff's condition, but found that plaintiff was still disabled and unable to work. On 3 October 1985 plaintiff was released by Dr. Maultsby for modified work but defendant had no work for him at that time. On 16 December 1985, Dr. Maultsby released plaintiff to return to work without restrictions but no positions were available. At that same time, Dr. Maultsby found plaintiff had five to seven and one-half percent (5-7½%) residual disability of his back due to arthritic changes, radiculitis and the possibility of a bulging disc.

Under two compensation agreements, Industrial Commission (IC) Forms 21 and 26, plaintiff received disability payments from 10 December 1984 until 14 March 1985. In April 1985 defendant-carrier filed an IC Form 24 request to discontinue plaintiff's disability payments citing as reasons: 1) Dr. Blaylock's release of plaintiff to return to work without restriction; 2) plaintiff's alleged unauthorized change of physicians; and 3) carrier's desire not to accept any more temporary total disability. A hearing on this request was granted at plaintiff's behest.

The Deputy Commissioner concluded that there was no evidence that plaintiff was disabled after 12 March 1985 when Dr. Blaylock released him and that there was no evidence that plain-

tiff's current complaint related to his accident. The Deputy Com-
missioner also concluded that Dr. Maultsby was plaintiff's second
and unauthorized choice of physicians, and therefore defendant-
carrier was not obligated to pay his bill. Plaintiff's claim for
further compensation was denied. The Deputy Commissioner's
Opinion and Award was adopted by the Full Commission, with
one dissent. Plaintiff appeals.

*Hunter, Hodgman, Greene, Donaldson, Cooke and Elam, by
Robert S. Hodgman, for plaintiff-appellant.*

*Smith, Helms, Mulliss and Moore, by J. Donald Cowan, Jr.,
for defendants-appellees.*

SMITH, Judge.

[1] Plaintiff assigns as error the Commission's finding of fact
and conclusion of law that plaintiff was not disabled after 12
March 1985. Plaintiff contends that the Commission erred in con-
cluding that there was no evidence to show a work-related disabil-
ity after 12 March 1985. We agree. Dr. Maultsby testified before
the Deputy Commissioner as to his treatment and diagnosis of
plaintiff's condition. It was Maultsby's testimony that 1) after
April 1985 (when Maultsby first saw plaintiff), plaintiff was still
unable to work; 2) on 3 October 1985, he released plaintiff for
light work; 3) on 16 December 1985, he released plaintiff for
unrestricted work; and 4) plaintiff presently had 5-7½% residual
disability in his back. The Deputy Commissioner found as a fact
that Dr. Maultsby had diagnosed plaintiff as having a bulging
disc, the same diagnosis originally made by Dr. Blaylock following
plaintiff's accident.

It is the exclusive province of the Industrial Commission to
weigh and evaluate the evidence before it and find the facts.
*Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272 (1965).
Indeed, the Workers' Compensation Act provides that the Com-
mission's findings of fact are conclusive. G.S. 97-86. On the other
hand, a reviewing court's function is to determine whether the
Commission's findings of fact are supported by competent evi-
dence and whether the conclusions of law are correct. *Byers v.
Highway Comm.*, 275 N.C. 229, 166 S.E. 2d 649 (1969); *Henry v.
Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760 (1950); *Smith v. Paper
Co.*, 226 N.C. 47, 36 S.E. 2d 730 (1946). In the case at bar, the Com-

mission's conclusion that there was no evidence that plaintiff was temporarily totally disabled after 12 March 1985 is not supported by the record.

Defendants contend that there was competent evidence to support the Commission's finding that plaintiff reached maximum medical improvement on 12 March 1985, and that therefore the Commission's findings are conclusive under G.S. 97-86. It is true that competent evidence was presented by Dr. Blaylock as to such improvements. However, defendants' contention is misplaced. The error is not in the Commission's finding but in its conclusion that there was no evidence that plaintiff was disabled after 12 March 1985. Conclusions of law are reviewable by this court to determine their evidentiary basis. *Walston v. Burlington Industries*, 49 N.C. App. 301, 271 S.E. 2d 516 (1980), *rev'd on other grounds*, 304 N.C. 670, 285 S.E. 2d 822 (1982). In light of Dr. Maultsby's testimony regarding plaintiff's further disability, this conclusion of "no evidence" is not supported by the record. The decision whether to believe Maultsby, Blaylock, or both is within the discretion of the Commission, but that decision must be supported by the evidence. *McGill v. Lumberton*, 218 N.C. 586, 11 S.E. 2d 873 (1940); *Porterfield v. RPC Corp.*, 47 N.C. App. 140, 266 S.E. 2d 760 (1980).

[2] Plaintiff also assigns as error the Commission's denial of treatment expense for the services rendered by Dr. Maultsby based on the fact that Maultsby was plaintiff's second physician of choice. In Conclusion of Law No. 2, the Commission states that plaintiff had a right to a second opinion if he had not already exercised that right. A reading of G.S. 97-25, regarding medical treatment of employees, fails to indicate any limitation on the number of physicians an employee may choose. The only requirements are that the physician be approved by the Commission, and treatment must facilitate recovery and rehabilitation. *Schofield v. Tea Co.*, 299 N.C. 582, 264 S.E. 2d 56 (1980). The determinations for the Commission to make are whether there was Commission approval of plaintiff's choice of Dr. Maultsby and whether treatment was to effect a cure or rehabilitation.

[3] Finally, plaintiff assigns error to the Commission's Conclusion of Law No. 1 that plaintiff was not entitled to compensation because there was no evidence showing a causal connection be-

tween the accident and plaintiff's condition after 12 March 1985. We agree. The record contains two agreements, IC Forms 21 and 26, in which defendants agree to pay compensation for plaintiff's back injury. The record also reveals that the only issue before the Commission was whether plaintiff's compensation should continue, not whether his alleged disability was the result of his accident. G.S. 97-17 provides that, "no party to any agreement for compensation approved by the Industrial Commission shall thereafter be heard to deny the truth of matters set forth, unless it shall be made to appear . . . that there had been error due to fraud, misrepresentation, undue influence or mistake." This is a case of admitted liability and the Commission's conclusion that there was no evidence to show causation is not a basis for denying plaintiff's award.

For the reasons set forth above, the Order of the Commission is vacated and the matter remanded for such order as may be appropriate consistent with this opinion.

Vacated and remanded.

Judges ARNOLD and WELLS concur.