***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following
 FINDINGS OF FACT
1. Plaintiff indicated that on or about April 23, 2000, he was incarcerated in the Sampson County Jail located at 400 Vance Street, Clinton, North Carolina.
2. Plaintiff indicated that while he was taking a shower, the shower fell over causing him bodily injury.
3. This is an action that should have been brought against Sampson County and/or the Sheriff of Sampson County in the General Court of Justice and not the N.C. Department of Corrections.
4. Plaintiff's affidavit names Sheriff Buck McCullen of the Sampson County Jail as the person whose alleged negligence caused him injury or damage. Sheriff McCullen is not an employee, officer or agent of the N.C. Department of Corrections.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State and does not have jurisdiction over actions filed against other entities, such as the Sampson County Jail in this matter. N.C. Gen. Stat. § 143-291(a). Plaintiff has incorrectly filed this claim against the state and as the North Carolina Industrial Commission has no jurisdiction over actions against local entities, this claim must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the N.C. Rules of Civil Procedure.
2. In Hull v. Oldham, 104 N.C. App. 29,41, 407 S.E.2d 611, 618, disc.review denied, 330 N.C. 441, 412 S.E.2d 72 (1991), the Court of Appeals held that sheriffs are local officers, not state officers. Therefore, Sheriff McCullen is a local officer and not an officer of the state. This claim must be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure for failure to allege that the negligence of any officer, employee, involuntary servant or agent of the State of North Carolina proximately caused him any injury or damage. Register v. AdministrativeOffice of the Courts,70 N.C. App. 763, 321 S.E.2d 24 (1984), Taylor v.Stonewall Jackson Manual Training Indus. School, 5 N.C. App. 188,167 S.E.2d 787 (1969).
 ***********
Based on the above findings of fact and conclusions of law the Full Commission issues the following:
 ORDER
That plaintiff's action is hereby DISMISSED.
This the 23rd day of February 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/__________ THOMAS BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER