PHYLLIS MOODY, Administratrix of the Estate of OSCAR JENKINS MOODY, Deceased Employee, Plaintiff-Appellee v. MECKLENBURG COUNTY, Employer, SELF-INSURED, Defendant-Appellant

No. COA03-459

(Filed 17 August 2004)

**1. Workers' Compensation— findings—credibility of decedent during medical treatment—findings not required on all evidence**

The Industrial Commission did not err in a workers' compensation case by not addressing the credibility of the decedent in the statements he made during medical treatment. The Commis-

sion properly weighed the evidence before it and found those facts necessary to support its conclusions. The Commission is not required to make findings about all of the evidence before it.

**2. Workers' Compensation— findings—acceptance of doctor's testimony—findings on reasons not required**

The Industrial Commission did not err in a workers' compensation case by accepting the opinion of a doctor without making a finding on decedent's credibility. The Commission is not required to elaborate on why it believes one witness or piece of evidence over another.

**3. Workers' Compensation— findings—injury and causation—supported by evidence**

The Industrial Commission did not err in a workers' compensation case by finding that the decedent sustained a concussion or brain injury that caused anxiety disorders and depression and prevented employment. The findings were supported by the evidence, and the conclusions by the findings.

Appeal by defendant from opinion and award entered 20 December 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 February 2004.

*Cox, Gage & Sasser, by Margaret B. DeVries, for plaintiff-appellee.*

*Jones, Hewson & Woolard, by Lawrence J. Goldman, for defendant-appellant.*

McGEE, Judge.

Mecklenburg County (employer) appeals from an opinion and award of the North Carolina Industrial Commission (the Commission) entered 20 December 2002 finding that Oscar Jenkins Moody (Moody) suffered a compensable injury by accident while working for employer.

The evidence before the Commission tended to show that Moody was a deputy sheriff employed as a trustee coordinator with the Mecklenburg County Sheriff's Department. Moody was involved in an automobile collision on 15 August 1994 as he was driving "downtown to headquarters." Moody's vehicle hydroplaned and was hit by an oncoming truck. Moody testified that the acci-

dent resulted in injuries to his left knee, right shoulder, back, neck, and head.

Employer paid Moody temporary total disability compensation from the date of the accident until October 1999. A deputy commissioner entered an opinion and award on 24 September 1999 terminating temporary total disability benefits for Moody retroactive to 13 April 1996. The Commission reversed the deputy commissioner's award and ordered that employer pay additional workers' compensation benefits, including (1) payment for "reasonable and necessary medical and psychological treatment" because of the injury by accident, (2) payment for weekly benefits from the date of injury until death, and (3) payment for permanent injuries. Employer appeals. We note that due to Moody's death prior to entry of the Commission's opinion and award, Phyllis Moody, Administratrix of Moody's estate (Administratrix), was substituted for Moody.

Employer's first argument is two-fold: (1) that the Commission erred in failing to make any findings regarding Moody's credibility and/or (2) that the Commission erred in failing to make any findings regarding Moody's medical care providers' reliance on Moody's credibility in rendering their opinions.

[1] Regarding the first prong of the argument, employer asserts that Moody's credibility was "clearly the key issue in this case" and therefore, the Commission should have addressed Moody's credibility. We note at the outset that employer does not attack Moody's credibility based on the testimony he provided as a witness at the hearing. Rather, employer attacks Moody's credibility with respect to the conflicting information Moody provided throughout his treatment. Employer argues that Moody provided "misinformation to his physicians in an apparent attempt to exaggerate the extent of his disability." Specifically, employer notes that the emergency room report after the accident conflicts with how Moody later described the accident and injuries. Thus, employer asserts that the Commission should have made a finding regarding Moody's credibility.

It is well settled that the Commission is "the sole judge of the weight and credibility of the evidence[.]" *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). In addition, "[t]he Commission is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead, the Commission must find those facts

which are necessary to support its conclusions of law." *London v. Snak Time Catering, Inc.*, 136 N.C. App. 473, 476, 525 S.E.2d 203, 205, *cert. denied*, 352 N.C. 589, 544 S.E.2d 781 (2000) (citations omitted).

In this case, the Commission made multiple findings regarding the accident and Moody's subsequent course of medical treatment. Employer is correct in its assertion that the Commission did not make a specific finding of fact to address Moody's credibility. However, as stated above, the Commission is not required to make findings regarding all of the evidence before it. "It is the exclusive province of the Industrial Commission to weigh and evaluate the evidence before it and find the facts." *Lucas v. Thomas Built Buses*, 88 N.C. App. 587, 589, 364 S.E.2d 147, 149 (1988).

Here, it appears that the Commission properly weighed the evidence before it and found those facts which were necessary to support its conclusions. More specifically, it is evident that the Commission examined the various statements Moody made to the emergency room doctors because the Commission found as a fact that Moody "gave inconsistent accounts about his possible loss of consciousness after the 15 August 1994 accident." This finding implies that the Commission did evaluate the statements Moody made to his medical care providers. Although the Commission did not make an explicit finding regarding Moody's credibility, such a finding was not required.

Employer cites two cases in arguing that reversal is warranted when the Commission fails to make "specific findings of fact as to the crucial questions necessary to support the Industrial Commission decision[.]" We note that the cases cited by employer, *Grant v. Burlington Industries, Inc.*, 77 N.C. App. 241, 335 S.E.2d 327 (1985) and *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982), for the proposition that findings of fact are required, do not deal with the Commission's failure to make findings regarding credibility. In *Grant*, our Court found that "the factual findings in this case are insufficient to determine the rights of the parties on the issue of disability." *Grant*, 77 N.C. App. at 249, 335 S.E.2d at 333. Similarly, in *Hilliard*, our Supreme Court held that the Commission "failed to make specific findings of fact as to the crucial questions necessary to support a conclusion as to whether plaintiff had suffered any disability as defined by G.S. 97-2(9)." *Hilliard*, 305 N.C. at 596, 290 S.E.2d at 684. Accordingly, this argument is without merit.

**[2]** Under the second prong of employer's first argument, employer argues that the opinion of Dr. Patricia L. Gross (Dr. Gross) was based in large part on Moody's credibility. Accordingly, employer argues that the Commission "should have made a finding on [Moody's] credibility before accepting Dr. Gross' testimony or rejected that testimony entirely." For the reasons stated below, we disagree.

As explained above, the Commission is not required to make findings on all credible evidence. *See London*, 136 N.C. App. at 476, 525 S.E.2d at 205. *See also Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 602, 532 S.E.2d 207, 213 (2000). Further, we note that

> [t]his Court in *Adams* made it clear that the Commission does not have to explain its findings of fact by attempting to distinguish which evidence or witnesses it finds credible. Requiring the Commission to explain its credibility determinations and allowing the Court of Appeals to review the Commission's explanation of those credibility determinations would be inconsistent with our legal system's tradition of not requiring the fact finder to explain why he or she believes one witness over another or believes one piece of evidence is more credible than another.

*Deese*, 352 N.C. at 116-17, 530 S.E.2d at 553.

In finding of fact number fourteen, the Commission "accept[ed] the diagnoses and causation analysis of Dr. Gross and reject[ed] those of Dr. Gualtieri." Dr. Gross is a neuropsychologist who testified in a deposition that Moody suffered a "concussion with brief loss of consciousness that led to a mild frontal lobe syndrome." She testified that this injury resulted in permanent brain damage with cognitive and personality effects. As stated above, the Commission is not required to elaborate on why it believes one witness or piece of evidence over another. Employer's argument that the Commission should have made a finding about Moody's credibility prior to accepting Dr. Gross' testimony is essentially an argument that the Commission needs to justify or explain why it found Dr. Gross credible. Under *Deese*, such an explanation is not required. Accordingly, this argument is without merit.

**[3]** Employer next argues in multiple assignments of error that the Commission erred in finding that Moody sustained a concussion or brain injury in the accident which caused anxiety disorders and depression and prevented Moody's employment. The challenged findings of fact include the following:

3. Decedent sustained a concussion in the accident. A concussion can occur by the shaking of the brain without a direct impact to the head.

4. . . . Decedent gave inconsistent accounts about his possible loss of consciousness after the 15 August 1994 accident. Confusion is a common symptom in cases of concussion.

. . .

18. The accident of 15 August 1994 caused decedent to suffer a brain injury, which, in turn, caused anxiety disorders and depression that prevented decedent from working beginning immediately after the 15 August 1994 accident and continuing.

In addition, employer challenges the following conclusions of law:

2. As a result of the injury by accident of 15 August 1994, decedent developed physical injuries, anxiety disorders, and depression. Defendant is responsible for such reasonable and necessary medical treatment, psychological treatment, and counseling rendered . . . .

3. Due to the psychological conditions suffered by decedent following the 15 August 1994 injury by accident, decedent was unable [to] earn wages in any employment from 15 August 1994 and continuing until his death.

"When reviewing an Industrial Commission decision, our Court is 'limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law.' " *Smith v. First Choice Servs.*, 158 N.C. App. 244, 248, 580 S.E.2d 743, 747 (quoting *Deese*, 352 N.C. at 116, 530 S.E.2d at 553 (2000)), *disc. review denied*, 357 N.C. 461, 586 S.E.2d 99 (2003). " 'The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Gallimore v. Marilyn's Shoes,* 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)).

Findings of fact numbers three and four which state that Moody suffered a concussion are supported by Dr. Gross' deposition testimony. Dr. Gross stated that Moody suffered "a concussion with brief loss of consciousness[.]" In addition, Dr. Gross recorded Moody's diagnosis in her neuropsychological evaluation as "[c]oncussion with

brief loss of consciousness (less than 1 hour)." Further, in this case, employer's Form 19 states that as a result of a motor vehicle accident, Moody "suffered concussion, [left] knee injury, [right] back bruise and other multiple injuries."

Finding number eighteen is also supported by Dr. Gross' testimony. She stated in her deposition testimony that as a result of the 15 August 1994 accident, Moody suffered "a mild brain injury with post-concussive syndrome." She further stated that this injury would affect Moody permanently. In addition, Dr. Gross stated that according to a report of Moody's wife, after the accident, Moody "was more reclusive, refused to do things that he used to do socially, whereas he used to be very outgoing, family oriented." She further testified that the brain injury exacerbated Moody's personality disorder and caused behavioral and emotional effects. As a result, Dr. Gross testified that Moody's brain injury would "[a]bsolutely" prevent his return to work as a deputy. Similarly, Dr. Edward C. Holscher testified in his deposition that "probably 80 to 90 percent" of Moody's inability to work because of psychiatric problems was due to the 15 August 1994 accident.

Lastly, both of the disputed conclusions of law are supported by the findings of fact. Specifically, finding number eighteen supports these conclusions of law. Accordingly, this argument is without merit.

Affirmed.

Judges WYNN and TYSON concur.