* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Rowell.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on the Defendant's (hereinafter "NCDOC") Motion To Dismiss was held on May 16, 2005.
2. In his Tort Claim Affidavit filed with the North Carolina Industrial Commission, the plaintiff alleged "matters of procedural negligence" by employees of NCDOC, which included withholding and reviewing the plaintiff's legal documents, failing to notarize the plaintiff's legal documents, misplacing legal documents, and imposing an unwanted transfer on the plaintiff to another facility.
3. NCDOC moved to dismiss the plaintiff's claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted in that the plaintiff's allegations were not sufficient to establish negligence on the part of any employee of NCDOC, the plaintiff failed to allege NCDOC's named employees violated a duty of care, and the plaintiff failed to allege specific negligent acts by NCDOC employees.
 * * * * * * * * * * *
Based upon all the foregoing Findings of Fact the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Alleging specific acts of negligence by a specific State employee is required under the Tort Claims Act. See N.C. Gen. Stat. § 143-297; Register v. Administrative Office of theCourts, 70 N.C. App. 763, 321 S.E.2d 24 (1984), Taylor v.Stonewall Jackson Manual Training Indus. School,5 N.C. App. 188, 167 S.E.2d 787 (1969), Ayscue v. N.C. State HighwayCommission, 270 N.C. 100, 103, 153 S.E.2d 823, 825 (1967).
4. The plaintiff's affidavit alleges, in part, constitutional violations and retaliatory actions. To the extent the plaintiff alleges constitutional violations and retaliatory actions, the Industrial Commission does not have subject matter jurisdiction over those claims.
5. Considering the plaintiff's remaining allegations as true, the plaintiff has failed to state a claim for negligence.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law the Full Commission enters the following:
 ORDER
1. The plaintiff's claim is hereby DISMISSED.
2. No costs are taxed as the plaintiff was permitted to file this claim in forma pauperis.
This 28th day of June 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER