ADDIE FORREST, EMPLOYEE, PLAINTIFF v. PITT COUNTY BOARD OF EDUCA-
TION, EMPLOYER, SELF-INSURED (STATE BOARD OF EDUCATION),
DEFENDANT

No. 8910IC1183

(Filed 21 August 1990)

1. **Appeal and Error § 369 (NCI4th)— settlement of record—
settled upon defendant signing stipulation and settlement
agreement**

Defendant's motion on appeal to dismiss plaintiff's appeal
on the ground that the record was not filed within 15 days
after being settled was denied where the record on appeal
was filed on 31 October 1989; defendant argues that the record
was settled on 3 October 1989 pursuant to a letter from plain-
tiff's attorney to the chairman of the Industrial Commission;
plaintiff contends that the letter constitutes information to
the Commission concerning the proposed record and was not
an agreement; plaintiff subsequently filed the record on appeal
with minor changes with the Industrial Commission on 19 Oc-
tober; and defendant signed the stipulation and settlement
of record on 19 October 1989, but inserted 3 October as the
date the parties reached agreement. The record was not set-
tled under Rules 12 and 18 of the North Carolina Rules of
Appellate Procedure until defendant signed the stipulation and
settlement on 19 October.

**Am Jur 2d, Appeal and Error § 444.**

2. **Appeal and Error § 409 (NCI4th)— workers' compensation
award—evidence not included in record—findings presumed
supported by evidence**

Plaintiff failed to show that the full Industrial Commission
erred by awarding plaintiff a 15% disability rating based on
testimony by her surgeon rather than a 20% to 25% rating
recommended by her treating physician where plaintiff did
not provide the Court of Appeals with transcripts of the pro-
ceedings, depositions, or other necessary documents pursuant
to Rule 9(c) of the N.C. Rules of Appellate Procedure; when
the evidence is not in the record on appeal, it is presumed
that the findings of fact are supported by competent evidence
and are therefore conclusive on appeal. Moreover, the record
presented here contains no evidence that the Commission erred

FORREST v. PITT COUNTY BD. OF EDUCATION

[100 N.C. App. 119 (1990)]

in denying plaintiff permanent and total disability benefits and the record is furthermore void of evidence that the Commission erred in denying plaintiff a 10% late penalty under N.C.G.S. § 97-18.

**Am Jur 2d, Workmen's Compensation §§ 549, 550, 617.**

3. **Master and Servant §§ 75, 94.1 (NCI3d)— workers' compensation — medical expenses — findings insufficient**

An Industrial Commission opinion and award was remanded for further findings on the issue of whether plaintiff complied with N.C.G.S. § 97-25 in seeking medical treatment where there were no findings of fact indicating whether approval for any of plaintiff's treatment was sought within a reasonable time and whether the services performed affected a cure or rehabilitation. The Commission does not have to preclude payments for physician's services solely because approval was not previously requested; under N.C.G.S. § 97-25, a plaintiff must seek approval within a reasonable time not necessarily prior to the services or surgery rendered by the physician.

**Am Jur 2d, Workmen's Compensation §§ 398, 399.**

4. **Master and Servant § 94.2 (NCI3d)— opinion and award of full Commission — issue not addressed — remanded**

An opinion of the Industrial Commission in a workers' compensation action arising from a slip and fall in a cafeteria freezer was remanded where plaintiff requested payment of the noncontested award; defendant failed to deduct the percentage for a fee to plaintiff's attorney and pay the attorney separately; the Commission directed defendant to prepare another check to plaintiff's attorney which resulted in an overpayment to plaintiff and her attorney; defendant requested that the Full Commission address the matter, but it did not do so in its opinion and award; and defendant subsequently requested the Commission to modify its opinion and award but there was no evidence that the Commission made such modification. The Commission has a duty to consider all aspects of a case before it. N.C.G.S. § 97-91.

**Am Jur 2d, Workmen's Compensation §§ 644, 646.**

Judge LEWIS dissents.

**FORREST v. PITT COUNTY BD. OF EDUCATION**

[100 N.C. App. 119 (1990)]

APPEAL by plaintiff from opinion and award entered 13 June 1989 from the Industrial Commission by William H. Stephenson, Chairman. Heard in the Court of Appeals 4 May 1990.

On 1 February 1985, plaintiff sustained an accident during the scope and course of her employment as a cafeteria manager at one of defendant's public schools. The accident occurred when plaintiff slipped and fell in the cafeteria freezer and injured her back.

This case was heard before Honorable John Charles Rush, Deputy Commissioner, on 5 December 1985 in Greenville, North Carolina. In an opinion and award entered 18 December 1987, Deputy Commissioner Rush granted certain benefits to plaintiff and denied others.

Plaintiff appealed to the Full Commission. After a hearing on 25 May 1989, the Full Commission modified the opinion and award entered by Deputy Commissioner Rush by increasing the amount of permanent partial disability awarded to plaintiff from 10% to 15%.

From the opinion and award of the Full Commission entered 13 June 1989, plaintiff appeals. Defendant also cross-appeals from this opinion and award.

*Hugh D. Cox for plaintiff-appellant and plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. Sigsbee Miller, for defendant-appellee and defendant-appellant.*

ORR, Judge.

Plaintiff argues four assignments of error on appeal and defendant argues one assignment of error on cross-appeal. For the reasons below, we affirm in part, vacate in part and remand for further action consistent with this opinion.

[1] The first issue this Court must address is whether to dismiss plaintiff's appeal upon defendant's motion on the ground that plaintiff allegedly failed to file the record on appeal within 15 days after the record was settled pursuant to the Rules of Appellate Procedure. We find no merit to this issue and therefore deny defendant's motion.

FORREST v. PITT COUNTY BD. OF EDUCATION

[100 N.C. App. 119 (1990)]

Under Rule 12(a) of the N.C. Rules of Appellate Procedure, "Within 15 days after the record on appeal has been settled by any of the procedures provided in . . . Rule 18, . . . , the appellant shall file the record on appeal with the clerk of the court to which appeal is taken." Rule 18 discusses in greater detail the methods by which the record on appeal may be settled when the appeal is taken from administrative agencies to this Court.

The record on appeal in the case before us was filed with this Court on 31 October 1989. Defendant argues that the record was settled on 3 October 1989 pursuant to a letter from plaintiff's attorney to Chairman Stephenson, in which plaintiff's attorney states:

I wanted to let you know that [defendant's attorney] and I have verbally agreed to a Settlement of the Record in [this matter] . . . . I will be forwarding a new Copy of the Record for signature by a member of the Commission so that the record can be settled within the appropriate time.

I am mailing this letter on October 3, which is prior to the date which I am to request a Judicial Settlement of the Record in accordance with the applicable Appellate Rules of Appellate Procedure.

Plaintiff contends that this letter constitutes information to the Commission concerning the proposed record on appeal and is not an agreement to the record on appeal. We agree. This letter contains conflicting evidence that it was in fact a final agreement of settlement of the record on appeal.

Plaintiff subsequently filed the record on appeal with minor changes with the Industrial Commission on 19 October 1989 pursuant to Rule 18(d)(2) of the N.C. Rules of Appellate Procedure. Defendant signed the Stipulation and Settlement of the Record on Appeal on 19 October 1989, but the date of 3 October 1989 was inserted by defendant as the date upon which the parties reached agreement on the record on appeal.

Based upon the above evidence of record, we find that the record on appeal was not settled under Rule 12 and Rule 18 of the N.C. Rules of Appellate Procedure until defendant signed the Stipulation and Settlement of the Record on Appeal on 19 October 1989. Therefore, we deny defendant's motion to dismiss on these grounds.

FORREST v. PITT COUNTY BD. OF EDUCATION

[100 N.C. App. 119 (1990)]

*Plaintiff's Appeal*

[2]  Plaintiff first contends that the Full Commission erred by awarding plaintiff a 15% disability rating based upon testimony by plaintiff's surgeon, instead of a 20%-25% rating recommended by her treating physician.

In reviewing an opinion and award of the Industrial Commission, this Court is limited to two questions of law: "(1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether . . . the findings of fact of the Commission justify its legal conclusions and decisions." *Dolbow v. Holland Industrial*, 64 N.C. App. 695, 696, 308 S.E.2d 335, 336 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984) (citation omitted). The Commission is the sole judge of the credibility of the witnesses and the weight given to their testimony, and may assign more credibility and weight to certain testimony than other testimony. Moreover, the determination of the Commission is conclusive upon appeal even though the evidence may support two contrary findings. *Id.* at 697, 308 S.E.2d at 336 (citation omitted).

The Commission's "findings of fact may be set aside on appeal only when there is a complete lack of competent evidence to support them." *Mayo v. City of Washington*, 51 N.C. App. 402, 406, 276 S.E.2d 747, 750 (1981), *citing, Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E.2d 389, 390-91 (1980). "[I]f the totality of the evidence, viewed in the light most favorable to the complainant, tends directly or by reasonable inference to support the Commission's findings, these findings are conclusive on appeal even though there may be plenary evidence to support findings to the contrary." *Id.* at 406-07, 276 S.E.2d at 750 (citations omitted). The plaintiff has the burden of proof in establishing whether or not a disability exists. *Hall v. Chevrolet Co.*, 263 N.C. 569, 577, 139 S.E.2d 857, 862 (1965).

We note that plaintiff did not provide this Court with transcripts of the proceedings, depositions or other necessary documents pursuant to Rule 9(c) of the N.C. Rules of Appellate Procedure. When the evidence is not in the record on appeal, it is presumed that the findings of fact are supported by competent evidence, and are therefore conclusive on appeal. *Bethea v. Bethea*, 43 N.C. App. 372, 374, 258 S.E.2d 796, 798 (1979), *disc. review denied*, 299 N.C. 199, 261 S.E.2d 922 (1980); *Christie v. Powell*, 15 N.C. App. 508,

190 S.E.2d 367, *cert. denied*, 281 N.C. 756, 191 S.E.2d 361 (1972); 1 Strong's N.C. Index 4th, Appeal and Error, § 409 pp. 892-93.

With these basic principles in mind, we find that plaintiff has failed to show that the Full Commission erred in denying plaintiff's claim for the disability rating recommended by her treating physician, Dr. Boone. Moreover, the record on appeal presented to this Court contains no evidence that the Commission erred in denying plaintiff permanent and total disability benefits under N.C. Gen. Stat. § 97-31 (1985). We further find that the record is void of evidence that the Commission erred in denying plaintiff a 10% late penalty payment under N.C. Gen. Stat. § 97-18.

[3] Plaintiff's remaining assignment of error concerns whether the Commission erred in concluding as a matter of law that medical expenses benefits should be denied to S.C. Boone, M.D. under § 97-25.

The Deputy Commissioner made the following finding of fact on this issue, which is conclusive on appeal.

4. A friend of the plaintiff's suggested the plaintiff see Dr. S.C. Boone in Raleigh. On August 22, 1985, the plaintiff saw Dr. Boone who admitted the plaintiff to the hospital for the period from August 25, 1985 to September 3, 1985 and then saw her on September 24, 1985 and October 24, 1985. Dr. Boone surgically removed a small disc at the L5-S1 on August 26, 1985. After the surgery Dr. Boone treated the plaintiff with medications and physical therapy through December 11, 1985. At the last office visit (October 24, 1985) the plaintiff still complained about back and leg pain. A doctor did not refer the plaintiff to Dr. Boone. The plaintiff went to Dr. Boone on her own.

The Deputy Commissioner then concluded as a matter of law that:

4. The plaintiff chose to see Dr. S.C. Boone on her own. She, therefore, is not entitled to have the medical expenses she incurred with and under the direction of Dr. Boone paid under the provisions of the Workers' Compensation Act. G.S. 97-25.

The Full Commission subsequently affirmed the Deputy Commissioner's findings of fact on this issue and stated,

Insofar as the treatment rendered by Dr. Boone, defendants are not obligated to pay for same. The fee schedule of the

North Carolina Industrial Commission provides (page 18) that 'charges for a major surgical operation and incidental care will not be approved unless the operation was first authorized by the Industrial Commission, insurance carrier or self-insuring employer, except in cases of emergency.' There is no evidence that the surgery performed by Dr. Boone was in the category of an emergency. Neither is there evidence that the surgery was authorized. In our opinion, on this issue the hearing commissioner reached the correct result.

We note that any Fee Schedule prepared by the Industrial Commission is superseded by N.C. Gen. Stat. § 97-25 (1985). Therefore, we must rely solely upon this statute in determining whether the Commission erred in its conclusion of law. Under § 97-25:

> Medical, surgical, hospital, nursing services, medicines, sick travel, rehabilitation services, and other treatment including medical and surgical supplies as may reasonably be required to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability, and in addition thereto such original artificial members as may be reasonably necessary at the end of the healing period shall be provided by the employer. In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital, or other treatment, the Industrial Commission may order such further treatments as may in the discretion of the Commission be necessary.
>
> . . .
>
> If in an emergency on account of the employer's failure to provide the medical or other care as herein specified a physician other than provided by the employer is called to treat the injured employee, the reasonable cost of such service shall be paid by the employer if so ordered by the Industrial Commission.
>
> Provided, however, if he so desires, an injured employee may select a physician of his own choosing to attend, prescribe and assume the care and charge of his case, subject to the approval of the Industrial Commission.

N.C. Gen. Stat. § 97-25 (1985).

Under this statute, a claimant has the right to choose a physician, but this right is subject to the approval of the Industrial Commission, and the treatment sought must be to effect a cure or provide rehabilitation. *Lucas v. Thomas Built Buses*, 88 N.C. App. 587, 590, 364 S.E.2d 147, 150 (1988). Moreover, the claimant must obtain Industrial Commission approval for the selected physician within a reasonable time after procuring the services of the physician. If a plaintiff seeks approval of the physician within a reasonable time, if the Commission approves a plaintiff's choice and if the treatment sought is to effectuate a cure or rehabilitation, then the employer has a statutory duty under § 97-25 to pay for the treatment. *See Lucas; Hudson v. Mastercraft Div., Collins & Aikman Corp.*, 86 N.C. App. 411, 358 S.E.2d 134, *disc. review denied*, 320 N.C. 792, 361 S.E.2d 77 (1987).

In the case *sub judice*, the Deputy Commissioner specifically found that plaintiff sought treatment from Dr. Boone on her own, and that there was no approval by the Industrial Commission at any time. The Full Commission affirmed these findings, and relying on the Fee Schedule, further found that Dr. Boone's treatment of plaintiff was not an emergency.

The findings of fact and conclusions of law before us indicate that plaintiff sought treatment from a physician she personally selected as authorized by § 97-25. The first question that must be answered is whether approval was sought within a reasonable time.

Relying on the Fee Schedule ("charges for a major surgical operation and incidental care will not be approved unless the operation was *first* authorized" (emphasis added)), the Full Commission stated in its Full Opinion and Award that there was no evidence "that the *surgery* was authorized." (Emphasis added.) There are no findings of fact, however, indicating whether approval for *any* of Dr. Boone's treatment of plaintiff was sought within a reasonable time.

The Commission's findings and conclusions appear to indicate that approval for a physician's services, including surgery, must be sought *prior to* the surgical procedure and once before the Commission cannot be considered. This is not the law in this State. In *Schofield v. Tea Co.*, 299 N.C. 582, 264 S.E.2d 56 (1980), our Supreme Court stated,

**FORREST v. PITT COUNTY BD. OF EDUCATION**

[100 N.C. App. 119 (1990)]

We therefore construe the statute [§ 97-25] to obtain approval of the Commission within a reasonable time after he has selected a physician of his own choosing to assume treatment.

. . .

The Industrial Commission is primarily an administrative agency of the State, and its jurisdiction as an administrative agency is a continuing one. [Citations] The Industrial Commission acts in a judicial capacity only in respect to a controversy between an employer and employee. [Citation] The existence of such a controversy does not operate to divest the Commission of its administrative powers. Obviously, an appeal of an award of the Industrial Commission does not support that agency's authority to accept notification of an employee's decision to select his own doctor; neither does an appeal deprive the Commission of its jurisdiction to accept the submission of a claim. It may well be that the determination of the particular claim will be delayed until the outcome of the appeal. Nevertheless, the Commission has *jurisdiction* to receive the claim and is, in fact, the only agency vested with that jurisdiction. [Citation]

299 N.C. at 593-94, 264 S.E.2d at 63-64.

The above *Schofield* analysis indicates that the Commission does not have to preclude payments for a physician's services solely because approval for those services was not previously requested. Under § 97-25, a plaintiff must only seek approval within a *reasonable* time not necessarily prior to the services or surgery rendered by the physician. The Commission should have addressed this issue when the case came before it requesting, in part, payment (and by inference) approval of Dr. Boone's fees for services rendered. If Dr. Boone was an acceptable choice for a treating physician and the request before the Commission was made in a reasonable time, the next issue to be determined would be whether the services performed effected a cure or rehabilitation. If so, the fees should be paid. We find no findings of fact or conclusions of law addressing these issues as required by the statute.

Therefore, we vacate the portion of the Full Commission's opinion and award dealing with this issue and remand for further findings supported by competent evidence that plaintiff either did or did not comply with § 97-25 using the above analysis and the

pertinent case law. In making this determination on remand, we caution the Commission to mold its findings of fact and conclusions of law to conform to the statute and not necessarily the Fee Schedule.

## Defendant's Appeal

[4] Defendant argues that the Full Commission erred by not ruling upon defendant's motion for a credit for an amount of previous overpayments to or on behalf of plaintiff.

On 19 October 1988, plaintiff requested payment of the "non contested" award, and defendant agreed to make such payment. Defendant failed to deduct the percentage for a fee to plaintiff's attorney and pay the attorney separately. The Commission then directed defendant to prepare another check to plaintiff's attorney, which resulted in an overpayment to plaintiff and her attorney.

Defendant requested that the Full Commission address this matter, but it did not do so in its opinion and award of 13 June 1989. On 27 June 1989, defendant requested the Commission to modify its opinion and award to reflect defendant's entitlement to the overpayment. There is no evidence in the record before us that the Commission has made such modification.

Because the Commission has a duty to consider all aspects of a case before it, we direct the Commission to consider this issue upon remand. N.C. Gen. Stat. § 97-91 (1985).

In conclusion, we affirm the opinion and award of the Full Commission in part, vacate in part and remand for further action consistent with this opinion.

Affirmed in part, vacated and remanded.

Judge GREENE concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

In paragraph four of his conclusions of law, the Deputy Commissioner found that the plaintiff "is not entitled to have the *medical expenses* as to Dr. Boone paid. . . ." The Full Commission further stated that "charges for a major surgical operation *and incidental care* will not be approved unless. . . ." It went on to find that

the "surgery" was not authorized. It is my opinion that taken in context, considering the whole opinion, the Full Commission made adequate findings and conclusions that plaintiff failed to produce any evidence that the plaintiff's surgery and all incidental treatment necessarily connected thereto was authorized. If there is any competent evidence in the record to support the findings of the Commissioner, that determination is conclusive on appeal. *Dolbow v. Holland Industries, Inc.*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983), *cert. denied*, 310 N.C. 308, 312 S.E.2d 651 (1984). Since the surgery and all incidental care by Dr. Boone clearly was not authorized, there is no need to run the Commission through the hoops again. In this respect, I dissent from the majority.