Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, except by MODIFYING Award paragraph 3, and by the addition of Conclusion of Law 4, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff, who is 46 years of age and a high school graduate with some community college course work, worked for defendant employer as distribution line technician since 1983. Plaintiff's prior employments consist of work in route delivery sales, work as a product expediter, and work as a shop mechanic.
2. On 14 April 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer resulting in injuries consisting of a non-depressed linear fracture to his right front skull and concussion, multiple fractures to his cervical and thoracic spine, a paraspinal thoracic hematoma, a fractured rib, a fractured left leg-ankle, an injury to left shoulder rotator cuff and injury to four teeth, for which he received emergency medical treatment at Wilkes Regional Hospital and at North Carolina Baptist Hospital under the primary care of Drs. Charles Branch, neurosurgeon, and David Martin, orthopedist. Plaintiff's spinal fractures were treated non-surgically with external orthosis and his left leg-ankle fractures were treated surgically with internal fixation. On 29 April 1992, plaintiff was discharged from the hospital to home by Dr. Branch, at which time plaintiff was in a body brace with rigid neck collar and a leg cast, and was able to ambulate only with the use of a walker.
3. As a result of his 14 April 1992 injury by accident, plaintiff is unable to return to work with defendant employer in his former capacity as a distribution line technician. However, plaintiff was released to return to work by Dr. Branch, and did return to work, on a part-time basis performing office work in December of 1992, which was gradually increased to full time work, at pre-injury wages, in various capacities by February of 1993. Plaintiff was released from Dr. Branch's care on 24 February 1993, at which time he was at maximum medical improvement for those injuries for which Dr. Branch treated him. Plaintiff went back out of work on 23 July 1993 for removal of hardware from his left leg-ankle by Dr. David Martin. Plaintiff has not returned to work since 23 July 1993.
4. There is currently no dispute between the parties concerning periods of temporary total or temporary partial disability, or any permanent partial disability sustained by plaintiff as a result of his 14 April 1992 injury by accident.
5. As a result of his 14 April 1992 injury by accident, plaintiff has experienced vestibular dysfunction for which he has been seen by Dr. Browne, has migraine headaches with visual blurring and visual aura for which he has been seen by Dr. Timothy Martin and Dr. Seales, and has chronic pain in the areas of his physical injuries for which he needs pain management therapy to effect a cure, give relief or lessen his disability.
6. As a result of his 14 April 1992 injury by accident, plaintiff has experienced depression and increased psychosocial stress, for which he has been seen by Drs. Hahn, Noble, Kirley, Duffie, Sciara, and LeBreche, and for which he needs continuing psychological therapy and psychotropic medication to effect a cure, give relief or lessen his disability. As a result of his depression and increased psychosocial stress, plaintiff is unable to work in a competitive work environment.
7. Plaintiff's preexisting personality characteristics which are suggestive of paranoid personality disorder and psychological maladjustment, were exacerbated by his 14 April 1992 injury by accident, and are currently manifested by suspicion and anger towards the defendant and his medical care providers, and by a need to exercise control over his medical care providers.
8. Defendant had plaintiff evaluated at Charlotte Rehabilitation Center on 25 March 1993, for entry into their comprehensive, multi-disciplinary pain management program, however, plaintiff is incapable of developing a meaningful doctor-patient relationship with the staff at this facility, which is essential in order for successful participation in the program. Plaintiff desires to attend a pain management clinic at either North Carolina Baptist Hospital or Thoms Rehabilitation Hospital. Both facilities' comprehensive multi-disciplinary pain management programs offer essentially the same treatment program as the Charlotte Rehabilitation Center program, both programs offer acceptable treatment programs for care of plaintiff's chronic pain, and both will tend to effect a cure, give relief or lessen plaintiff's disability from his 14 April 1992 injury by accident.
9. Upon his discharge from the hospital to home on 29 April 1993, home health care attendant services consisting of licensed practical nurse care 24 hours per day from 30 April 1992 to 26 May 1992 and certified nursing assistant care six hours per day from 27 May 1992 to 6 July 1992, were reasonably required to effect a cure, give relief or lessen the disability from plaintiff's 14 April 1992 injury by accident. Inasmuch as the home health care attendant services were not provided by defendant, plaintiff's wife provided these services for 17 and three-quarters hours per day from 30 April 1992 through 18 May 1992, twelve hours per day from 19 May 1992 through 11 June 1992, eight hours per day from 12 June 1992 through 20 June 1992, and nine and three-quarters hours per day from 21 June 1992 through 6 July 1992.
10. The hourly rate in plaintiff's home county of Wilkes and the surrounding counties of Surry, Stokes, Yadkin and Forsyth for licensed practical nurse services is $26.00 per hour and for certified nursing assistant services is $12.00 per hour.
11. The value of Home Health Care Attendant Services provided by plaintiff's wife which were reasonably required to effect a cure, give relief or lessen plaintiff's disability, was $14,216.50 (17 and three-quarters hours x 19 days at $26.00 per hour = $8,768.50; 12 hours x eight days at $26.00 per hour = $2,496.00; six hours x 41 days x $12.00 per hour = $2,952.00).
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff is entitled to have defendant provide all medical compensation as a result of his 14 April 1992 injury by accident to the extent that the same are reasonably required to effect a cure, give relief or lessen plaintiff's disability. G.S. § 97-2 (19); G.S. § 97-25.
2. Inasmuch as a comprehensive multi-disciplinary, pain management program is reasonably required to effect a cure, give relief or lessen plaintiff's disability from his 14 April 1992 injury by accident; and inasmuch as plaintiff is incapable of developing a meaningful doctor-patient relationship at Charlotte Rehabilitation Center essential for successful participation in that program and desires to attend a comprehensive multi-disciplinary pain management program at either North Carolina Baptist Hospital or Thoms Rehabilitation Center; and inasmuch as the comprehensive, multi-disciplinary pain management programs at North Carolina Baptist Hospital and Thoms Rehabilitation Center offer essentially the same programs as Charlotte Rehabilitation Center and are therefore acceptable choices; plaintiff is entitled to attend, at defendant's expense, a comprehensive, multi-disciplinary pain management program at either North Carolina Baptist Hospital or Thoms Rehabilitation Center. G.S. § 97-2 (19); G.S. § 97-25; See Braswell v. PittCounty Memorial Hospital, 106 N.C. App. 1, 415 S.E.2d 86 (1992);Forrest v. Pitt County Board of Education, 100 N.C. App. 119,394 S.E.2d 659 (1990); and Schofield v. Great Atlantic and PacificTea Co., 299 N.C. 582, 264 S.E.2d 56 (1980).
3. Inasmuch as plaintiff's wife provided home health care attendant services which were reasonably required to effect a cure, give relief or lessen plaintiff's disability from his 14 April 1992 injury by accident, which were valued at $14,216.50; defendant is required to pay plaintiff's wife $14,216.50 for these services. G.S. § 97-2 (19); G.S. § 97-25.
4. Pursuant to N.C.G.S. § 97-88.1, defendant shall pay plaintiff's counsel $1,500.00 for valuable services rendered to plaintiff.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant is to pay for all medical compensation incurred, or to be incurred, by plaintiff as a result of his 14 April 1992 injury by accident, including $14,216.50 to plaintiff's wife for the home health care attendant services she provided and including a comprehensive, multi-disciplinary pain management program at either North Carolina Baptist Hospital or Thoms Rehabilitation Center, when bills for the same have been submitted to the Industrial Commission and thereafter approved by the Industrial Commission.
2. Defendant shall pay all costs.
3. Defendant shall pay plaintiff's counsel $1,500.00 for valuable services rendered to plaintiff.
* * * * * * * * * * *
ORDER
Plaintiff's Motion of 10 March 1994, for an Order approving treatment by Dr. Steven Kirley is ALLOWED.
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _____________________________ JAMES J. BOOKER COMMISSIONER
S/ _____________________________ THOMAS J. BOLCH COMMISSIONER
CMP/CNP/tmd 12/30/94