The undersigned have reviewed the award based upon the record of the proceedings before the Deputy Commissioner.
Defendants have moved to dismiss plaintiff's appeal to the Full Commission, pursuant to Rule 701 of the North Carolina Industrial Commission Rules, due to plaintiff's failure to timely submit a Form 44 or to copy defendants with these documents once filed. Pursuant to Rule 801, in the interest of justice, the technical time limits and procedures are waived in the case at hand, and plaintiff shall be allowed to proceed with her appeal to the Full Commission. Defendants' motion to dismiss is, accordingly, HEREBY DENIED.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as the deputy commissioner with some minor technical modifications.
On appeal, plaintiff requested that the Full Commission receive into evidence a lumbar myelogram report dated April 20, 1994, to which defendants had no objection. Accordingly, such document is HEREBY ADMITTED into the record for consideration. The Full commission, in their discretion, have determined that there are no good grounds in this case to receive any further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. On January 10, 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at that time.
3. On January 10, 1993, the plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer.
4. The plaintiff was authorized by the defendants for treatment with Dr. Alan B. Clark, Gaston Neurosurgical Associates, P. A., Regional Rehabilitation Center, and Dr. Raymond C. Sweet.
*******************
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following additional
FINDINGS OF FACT
1. The plaintiff is forty-seven years old and has worked for the defendant-employer since 1978. She was a roving tender with the defendant-employer at the time of the accident.
2. The plaintiff's average weekly wage at the time of the accident was $436.45, yielding a compensation rate of $290.96.
3. On January 10, 1993, the plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer when she slipped in some water at work and fell. She lay on the floor a few minutes and then got up and returned to work.
4. Overnight, the plaintiff's back began to hurt. The next morning, the plaintiff informed the assistant plant manager of her injury by accident. The assistant plant manager sent her to the plant nurse. As a result, the plaintiff began taking ibuprofen and hot bathes for her back pain. However, she continued to work for the defendant-employer without missing any days due to back pain.
5. In mid-January of 1993, the plaintiff was seen for continued back pain by Dr. Alan B. Clark, who came to the defendant-employer's plant every other Wednesday. Dr. Clark prescribed three days of strict bed rest and instructed the plaintiff to make an appointment to see him at his office. The plaintiff continued to work her regular schedule.
6. On February 10, 1993, the plaintiff saw Dr. Clark in his office and complained of increasing low back pain with pain and weakness in both legs. Dr. Clark ordered an MRI of the lumbar spine, which was negative with the exception of mild diffusely bulging discs at the L4-L5 and L5-S1 vertebrae. Dr. Clark referred plaintiff to Gaston Neurosurgical Associates.
7. The plaintiff was seen by Dr. Sivalingam Siva, a neurosurgeon at Gaston Neurosurgical Associates, on February 25, 1993, with the same complaints she gave to Dr. Clark. Dr. Siva ordered an EMG of the plaintiff's left leg, which showed no evidence of significant lumbar ventral root disease. Dr. Siva prescribed a program of physical therapy at Regional Rehabilitation Center in Gastonia, including strengthening exercises, increased range of motion and weight reduction.
8. On May 12, 1993, the plaintiff got a catch in her back and fell while at work. She was taken to a hospital emergency room, where lumbosacral spine x-rays and AP pelvis films were taken and read as unremarkable. She was given flexeril and darvocet. She did not miss any work as a result of this incident. This incident is not a subject of the claim herein.
9. The plaintiff participated in physical therapy and continued conservative treatment with Dr. Siva and Dr. John A. Difini, a neurologist with Gaston Neurosurgical Associates, throughout the summer of 1993 for pain related to the compensable January 10, 1993, injury by accident. Her complaints of bilateral back pain continued. On August 18, 1993, Dr. Siva scheduled the plaintiff for a bone scan. The plaintiff did not keep her appointment for the bone scan.
10. On August 25, 1993, the plaintiff was seen by Dr. Raymond C. Sweet, a neurosurgeon, for a second opinion. The plaintiff complained that physical therapy had not helped her continued pain, and that since she fell in May, her pain had been worse. She complained of back pain, hip pain, bilateral leg pain, occasional neck pain and pain in the coccyx area. Dr. Sweet saw no evidence of ruptured disc or acute lumbosacral strain. He diagnosed mild chronic myofascial pain in the low back area. Dr. Sweet indicated that the plaintiff had reached maximum medical improvement with a two percent permanent partial disability of her back.
11. The plaintiff continued to treat with Dr. Siva, who could not identify any objective findings to explain her continued complaints. On several occasions, he advised her to lose weight. Upon Dr. Siva's recommendation, the plaintiff had a myelogram in April 1994, which was "unremarkable" according to the doctor's reading of it. The report did note a "small central disc herniation" at L5/S1, but as the undersigned are not experts in this technical field of medical expertise, there must be reliance on the experts' interpretation of this myelogram report.
12. In June 1994, Dr. Sweet examined the plaintiff again. The plaintiff indicated that the pain was worse than when he saw her in 1993. Dr. Sweet saw no change in her condition and reaffirmed his prior rating of two percent permanent partial disability.
13. On July 20, 1994, Dr. Siva indicated that all studies of the plaintiff, including the EMG and myelogram, were non-revealing and that the plaintiff had reached maximum medical improvement. He discharged her with a five percent permanent partial disability rating. She was last seen by Dr. Siva on September 14, 1994.
14. As a result of her January 10, 1993 injury by accident, the plaintiff sustained a five percent permanent partial disability of her back.
15. The plaintiff testified at hearing that, after she was released by Dr. Siva, she received other medical treatment for her back which was not approved by the defendants or the Industrial Commission. She testified that she was treated for back pain by Dr. Chandra S. Shastry, her family physician, who wrote her prescriptions. The only medical record in evidence relating to Dr. Shastry's treatment is a note signed by Dr. Shastry on April 6, 1995 indicating that the plaintiff would be out of work until April 18, 1995. This treatment was not authorized by the defendants, and no bills or medical records were ever submitted to the defendants.
16. The plaintiff also testified that she received treatment for back pain from Dr. Everett B. Thoms, from a Dr. Does at Southern Orthopedic and from a chiropractor. The plaintiff did not give dates of treatment, and no other evidence or medical records relating to these visits were presented. None of these visits were authorized by the defendants or the Industrial Commission.
17. The plaintiff testified that she missed "a couple of days here and there" because of back pain caused by the injury by accident. She testified that she thinks she missed about ninety days total as a result of the injury by accident. Attendance records were submitted into evidence to verify days missed.
18. Regarding temporary total disability, Dr. Clark recommended that the plaintiff remain out of work for four days from January 27, 1993 through January 31, 1993. Dr. Difini recommended that the plaintiff remain out of work on May 11, 1993. Dr. Siva recommended that the plaintiff remain out of work from August 6, 1993 through August 9, 1993. Dr. Siva recommended that the plaintiff remain out of work from April 20, 1994 through May 16, 1994, during which she underwent the myelogram; during this period the plaintiff worked four full days anyway. As a result of the January 10, 1993 injury by accident, with the exception of the four days in April and May of 1994, the plaintiff did not work and was unable to earn any wages with the defendant-employer or in any employment during these periods of time.
19. The plaintiff was treated at the Gaston Memorial Hospital Emergency Room on February 1, 1994 for low back pain. The doctor recommended that she remain out of work two days. This treatment was not authorized by the defendants, and the only records relating to this visit presented or received into evidence was the patient instruction sheet recommending bed rest. No further evidence relating to the visit was presented. As a result of the January 10, 1993 injury by accident, the plaintiff was out of work and was unable to earn any wages with the defendant-employer or in any employment on June 25, 1994.
21. As a result of the January 10, 1993 injury by accident, the plaintiff was out of work and was unable to earn any wages with the defendant-employer or in any employment from April 7, 1995 until April 19, 1995, as recommended by Dr. Shastry in his note of April 6, 1995.
22. The plaintiff has sufficiently met her burden of establishing that she was temporarily and totally disabled for the periods set forth above. She has failed to present sufficient convincing or credible evidence to establish that she was further temporarily and totally disabled beyond these periods as a result of her compensable injury.
23. The plaintiff has failed to establish by the greater weight of the credible and convincing evidence that she sought approval by the Industrial Commission for the unauthorized medical treatment within a reasonable time after she selected the providers. In fact, there is no evidence to indicate that she ever sought approval.
24. The plaintiff has failed to establish by the greater weight of the credible or convincing evidence that the unauthorized medical treatment was reasonably required to effect a cure or give relief from the injury by accident.
*******************
Based upon the foregoing findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer. N.C.G.S. § 97-2 (6).
2. As a result of the compensable injury, the plaintiff was temporarily and totally disabled for the periods of time from January 27, 1993 through January 31, 1993, May 11, 1993, August 6, 1993 through August 9, 1993, and from April 20, 1994 through May 16, 1994 with the exception of the four days she worked during that period. Further, as a result of the compensable injury, she was temporarily and totally disabled on February 1, 1994, February 2, 1994, June 25, 1994, and from April 7, 1995 until April 18, 1995. The plaintiff is therefore entitled to compensation for temporary total disability for those periods. N.C.G.S. § 97-29.
3. The plaintiff is entitled to compensation at the rate of $290.06 per week for fifteen weeks for the permanent partial disability she sustained to her back as a result of the injury by accident. N.C.G.S. § 97-31 (23).
4. The plaintiff is entitled to have the defendants provide all medical compensation arising from this injury by accident as long as such medical treatment is authorized by the defendants or the Industrial Commission. N.C.G.S. § 97-2(19), 97-25. The plaintiff is not entitled to have the defendants pay for the unauthorized medical treatment set forth above. Forrest v. PittCounty Board of Education, 100 N.C. App. 119 (1990), aff'd,328 N.C. 327 (1991).
*******************
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. The defendants shall pay the plaintiff compensation at the legal rate for the temporary total disability she sustained as a result of this injury by accident. This compensation has accrued and shall be paid in a lump sum.
2. The defendants shall pay compensation to the plaintiff at the rate of $290.06 per week for fifteen weeks for her permanent partial disability. This compensation has also accrued and shall be paid in a lump sum.
3. The defendants shall pay all authorized medical expenses incurred as a result of this injury by accident.
4. The defendants shall pay the costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Lincolnton docket.
This the __________ day of ___________________, 1997.
 S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________ COY M. VANCE COMMISSIONER
S/ ______________________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
JHB/kws