The Full Commission, having reviewed the competent evidence of record, together with the arguments and positions of the parties, modifies and affirms the Opinion and Award of the deputy commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the I.C. Form 21, Agreement for Compensation, which was approved by the Commission on March 9, 1995, the I.C. Form 26 Supplemental Agreement, which was approved on February 25, 1997, in their Pre-Trial Agreement which was filed on May 23, 2000, which are incorporated herein by reference, and at the deputy commissioner's hearing as
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. National Union Fire Insurance Company, Inc., was the carrier on the risk with RSKCO (formerly Alexsis, Inc.) as the third-party administrator.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff sustained an admittedly compensable injury on November 3, 1994, as a result of which the parties entered into the Form 21 Agreement. The plaintiff has received temporary total disability benefits from November 3, 1994 to July 25, 1996. She received temporary partial disability benefits from July 25, 1996 until September 12, 1996.
5. The plaintiff's average weekly wage was $797.04, which yields a maximum compensation rate of $466.00 per week.
6. The issues for determination are:
 a. Whether plaintiff's psychiatric treatment is causally related to the admitted compensable injury which she sustained?
 b. Whether plaintiff is entitled to have the defendants pay for psychiatric treatment and medications? and
c. Whether defendants have timely paid benefits to plaintiff?
7. The parties have stipulated that plaintiff is not requesting the defendants to pay for psychiatric treatment she received prior to May 23, 2000.
8. The parties stipulated that defendants owed and would pay outstanding prescription drug reimbursements and outstanding mileage reimbursement.
 ***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following additional
 FINDINGS OF FACT
1. At the time of the admittedly compensable injury, plaintiff was forty-nine years old and was employed as the jewelry department manager.
2. In 1992, plaintiff injured her right leg, and she retains a permanent impairment to that leg.
3. Prior to September 1994, plaintiff's gynecologist, Dr. Montgomery, prescribed Prozac for depression and menopausal symptoms. On September 20, 1994, plaintiff was seen for major depressive disorder by board certified psychiatrist Dr. B. Rhett Myers of Upstate Psychiatry in Greenville, South Carolina. Following the evaluation, Dr. Myers continued plaintiff's prescription for 20 mg. of Prozac per day.
4. On November 3, 1994, plaintiff sustained multiple fractures to her left leg when she fell while descending a step ladder at work. The defendants accepted compensability for this accident, following which they provided medical treatment and indemnity benefits.
5. Beginning in 1996, plaintiff's psychological state became at risk due largely to her continuing disability, chronic pain and frustration regarding her desire to return to work after the compensable left leg injury.
6. By February 20, 1996, plaintiff had become frustrated with the workers' compensation injury because defendants would not authorize physical therapy and would not allow her to return to work. Dr. Myers again prescribed Prozac 20 mg. per day to manage plaintiff's stress.
7. On April 3, 1997, Dr. Myers increased plaintiff's Prozac to 30 mg. per day after the 20 mg. dosage was no longer helpful.
8. Plaintiff underwent knee replacement surgery on September 8, 1998, following which Dr. Myers increased the Prozac to 60 mg. per day.
9. Since March 1999, Dr. Myers has prescribed Adipex, an appetite suppressant, for plaintiff's excessive weight gain.
10. Although plaintiff had been seeing Dr. Myers every six months from 1994 until approximately January 2000, Dr. Myers increased the frequency of the appointments to every four months in 2000, due to the increased emotional symptoms as a result of the workers' compensation injury.
11. Prior to April 2000, plaintiff filed her psychiatric treatment on her husband's group health insurance. However, as her husband prepared to retire, plaintiff filed the Motion on April 4, 2000, to have defendants pay for this treatment.
12. Plaintiff's 1994 compensable injury aggravated her pre-morbid depression and caused excessive weight gain for which Dr. Myers prescribed Prozac and Adipex.
13. Dr. Myers' psychiatric treatment has provided relief to plaintiff's mental condition and weight gain which were aggravated by the compensable injury.
14. At defendant's request, plaintiff was examined by C. Thomas Gualtieri, M.D., a psychiatrist with North Carolina Neuropsychiatry in Chapel Hill, North Carolina. Dr. Gualtieri's September 26, 2000, report includes her diagnosis based on a MMPI administered by his office. In accordance with DSM-III, Dr. Gualtieri gave the Axis I diagnosis of major depression with an Axis III disorder referring to plaintiff's leg injury, knee replacement, and chronic pain. This report is consistent with Dr. Gualtieri's report for a June 27, 2000, evaluation wherein the doctor explained that plaintiff sustained an injury in 1992, depression developed thereafter, plaintiff also sustained a 1994 injury to her leg, and the 1994 injury and subsequent treatment aggravated her pre-existing depression.
15. Based on the greater weight of the competent evidence, the Commission finds that plaintiff's depression was aggravated by her 1994 injury and subsequent treatment for this condition and thereby is compensable under the North Carolina Workers' Compensation Act. The Commission further finds that plaintiff did not timely advise defendants that she was seeking medical care by Dr. Myers for her workers' compensation injury and, consistent with the stipulations of the parties, plaintiff is not entitled to obtain payment for the medical care provided by or at the direction of Dr. Myers before plaintiff gave notice of this treatment to defendant on or about May 23, 2000. Plaintiff's failure to timely notify defendants about past compensable medical care, however, does not preclude her ability to petition the Commission for the payment of current or future medical care by Dr. Myers which is related to and otherwise compensable under her workers' compensation claim. Defendants have not claimed, and cannot show, any prejudice or harm by plaintiff's delay in seeking compensation for her compensable psychiatric condition. To the contrary, plaintiff's delay resulted in the reasonable stipulation that defendants are not responsible for care provided by or at the direction of Dr. Myers prior to May 23, 2000.
16. Between July 15, 1997, and the date of the hearing, defendants failed to make timely payments of benefits to plaintiff on many occasions. While defendants contend these delays were due to computer-entry problems, the operation of the computer system was within the control of defendants, and the delays, therefore, are not excusable.
 ***********
The foregoing findings of fact engender the following
 CONCLUSIONS OF LAW
1. As a result of the compensable injury, the plaintiff is entitled to continuing temporary total disability compensation at the rate of $466.00. N.C. GEN. STAT. § 97-29. Plaintiff is further entitled to have defendants pay a ten percent (10%) penalty for benefits not timely paid. N.C. GEN. STAT. § 97-18(g).
2. The plaintiff is entitled to have the defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. GEN. STAT. §§ 97-2(19) -25. Plaintiff is further entitled to have defendants pay for such psychiatric treatment by or at the direction of Dr. Myers performed on or after May 23, 2000. N.C. GEN. STAT. § 97-25.
3. Plaintiff is entitled to seek treatment with a health care provider of her choice provided the plaintiff seeks approval from the Commission within a reasonable time. N.C. GEN. STAT. § 97-25; Forest v. PittCounty Bd. of Education, 100 N.C. App. 119, 394 S.E.2d 659 (1990). The request for approval does not have to be made before the services were actually rendered. N.C. GEN. STAT. § 97-25; Forest v. Pitt CountyBd. of Education, supra. Further, the failure to obtain approval does not estop plaintiff from later raising a claim that the treatment is compensable. See Knight v. Cannon Mills, Inc., 82 N.C. App. 453,347 S.E.2d 832, cert. denied, 318 N.C. 507, 349 S.E.2d 861 (1986). Under the specific facts of this case, plaintiff's April 4, 2000, request that treatment by Dr. Myers on or after May 23, 2000 be paid by defendants was timely. N.C. GEN. STAT. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. The defendants shall pay continuing temporary total disability compensation to the plaintiff at the rate of $466.00 per week. Defendants shall pay plaintiff a ten percent (10%) penalty on all disability benefits which were not timely paid. Compensation which has accrued shall be paid to plaintiff in a lump sum.
2. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be paid directly by defendants as a sanction for failure to pay benefits timely.
3. Defendants shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Plaintiff is specifically authorized to receive psychiatric treatment from Dr. B. Rhett Myers. Defendants shall pay for this treatment from May 23, 2000, and continuing for as long as such treatment is causally related to the compensable injury.
5. Defendants shall pay the costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER