***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and arguments on appeal. The Full Commission MODIFIES the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The parties were bound by and subject to the provisions of the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between the plaintiff and defendant-employer.
3. Plaintiff sustained an admittedly compensable injury to his back on 13 May 1999.
4. CNA — Valley Forge Insurance Company was the compensation carrier on the risk.
5. Judicial Notice may be taken of all Industrial Commission forms on file.
6. Plaintiff's compensation rate was determined to be $560.00, the maximum compensation rate for 1999.
7. Plaintiff was paid disability benefits for all periods of time at the rate of $560.00 weekly which was the maximum compensation rate.
8. Industrial Commission forms and filings relevant to this case were stipulated into evidence as Stipulated Exhibit # 2.
9. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit # 3.
10. The issues before the undersigned are:
a. Whether Grant W. Jenkins, M.D., should be designated as plaintiff's treating physician;
b. Whether defendants are entitled to continue to direct plaintiff's medical treatment; and
c. Whether defendants are entitled to attorney's fees.
 ***********
Based upon the entire evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was forty-five years old, having been employed by the defendant-employer since 1994.
2. Plaintiff's job as a construction superintendent consisted of heavy physical work; moving equipment, standing for long periods of time, carrying weighty items, and doing physical work such as hanging sheetrock.
3. Plaintiff had no prior back problems that prevented him from being able to perform his work prior to 13 May 1999.
4. On 13 May 1999, plaintiff sustained a compensable injury by accident while putting up an orange street protection fence. Plaintiff was placing posts in the ground when he felt a sharp pain in the middle and lower portion of his back.
5. This claim was accepted as a compensable injury by accident. Plaintiff, believing he had a pulled muscle, initially sought treatment with a chiropractor.
6. Ultimately, plaintiff presented to a neurosurgeon, Kenneth J. Rich, M.D. After an evaluation and diagnostic testing, Dr. Rich diagnosed herniated discs at multiple levels of his lumbar and thoracic spine.
7. Plaintiff underwent laminectomy surgery at the L1-L2 levels. Dr. Rich did not perform surgery on his herniated thoracic disc.
8. Dr. Rich supervised the post-operative care for the plaintiff.
9. Plaintiff returned to work on approximately 1 August 2002, performing light duties without lifting.
10. Plaintiff continued to suffer significant problems with pain in his low back.
11. Dr. Rich recommended repeat surgery for his lumbar disc and told plaintiff he would be out of work for approximately six months or longer. Plaintiff did not wish to be out of work again and elected to pursue conservative treatment through pain management.
12. Plaintiff was referred to Carolina Pain Clinic and underwent physical therapy and injections. This treatment only provided temporary relief for plaintiff's pain.
13. Plaintiff was also treated by Lloyd Hey, M.D. Dr. Hey provided treatment for the plaintiff but plaintiff continued to suffer pain in his mid and low back area, as well as his left leg.
14. Defendants provided plaintiff medical treatment from multiple providers at Duke University and Duke University Pain Clinic. Plaintiff was seen by Dr. Kori, Dr. Fras, and Dr. Hey.
15. Plaintiff was extremely frustrated with Dr. Hey's treatment in that he had difficulty being able to communicate with Dr. Hey especially in regard to the MRI results.
16. Dr. Kori, Dr. Fras, and Dr. Hey referred plaintiff back to the Pain Clinic.
17. Dr. Kori, Dr. Fras, and Dr. Hey provided various forms of treatment in attempts to assist with plaintiff's pain but none of the treatments were successful.
18. Plaintiff began treatment with Grant W. Jenkins, M.D., his family physician. Dr. Jenkins' treatment has been paid through plaintiff's group health insurance.
19. Plaintiff continues to suffer pain in his back that he has likened to sharp, burning pain three inches above his beltline that radiates down his left leg. Plaintiff has described the pain in his left leg is being like pins and needles. Plaintiff has indicated that the extent of his pain is such that when he is working he has to take the maximum amount of pain medication.
20. The plaintiff did not see Dr. Jenkins on an emergency basis.
21. The plaintiff never sought approval for his treatment with Dr. Jenkins.
22. It is unreasonable for plaintiff to have to travel from Wake Forest to Cary in order to receive pain management.
23. Plaintiff has not acted unreasonably nor prosecuted this matter frivolously.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 13 May 1999, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's compensable injury by accident, he has received workers' compensation based upon a compensation rate of $560.00 for the appropriate periods of time in this case. N.C. Gen. Stat. § 97-29.
3. Plaintiff had reached maximum medical improvement relating to surgical treatment in this case as provided by Kenneth J. Rich, M.D. Dr. Rich and plaintiff had discussed the possibility of further surgical intervention in this case but plaintiff had elected to pursue conservative treatment including pain management. N.C. Gen. Stat. § 97-25.
4. Defendants have the right to direct medical care in accepted cases. To select a physician, a plaintiff must obtain approval of the Industrial Commission within a reasonable time. The plaintiff did not comply with these requirements in this case. Forrest v.Pitt County Bd. of Educ., 100 N.C. App. 119, 394 S.E.2d 659
(1990).
5. Dr. Jenkins is not designated as the plaintiff's authorized treating physician. N.C. Gen. Stat. § 97-25.
6. Plaintiff is entitled to a treating physician in the Wake Forest area. N.C. Gen. Stat. § 97-25.
7. Plaintiff has not acted unreasonably and has not prosecuted this case without merit. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Within 30 days of this ORDER the parties SHALL agree upon a physician in the Wake Forest or North Raleigh area to provide treatment to plaintiff as his authorized treating physician. If the parties are unable to agree, the parties SHALL notify the Commission and a doctor will be designated.
2. Defendants shall pay for all medical expenses as prescribed by the plaintiff's authorized treating physician.
3. Defendants shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER