Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good grounds to reconsider the evidence, the Full Commission AFFIRMS IN PART and REVERSES IN PART the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner, in a Pre-Trial Agreement dated November 28, 1994 and in Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on August 23, 1993, as
 STIPULATIONS
1. The parties at all relevant times were bound by and subject to the provisions of the North Carolina Workers' Compensation Act; the employer/employee relationship existed, and Aetna was the carrier on the risk.
2. I.C. File Number 223652 involves plaintiff's right elbow injury which occurred in late 1991 and was the subject of an I.C. Form 21 Agreement which was approved by the Commission on August 23, 1993. Plaintiff's compensation rate is $406.00 per week.
3. I.C. File Number 308579 involves plaintiff's alleged compensable November 15, 1991 right knee injury which defendants have denied as being a compensable injury.
 *********** RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Frank Caruso and Dr. Poehling are OVERRULED.
 RULINGS ON MOTIONS
Plaintiff's motion to compel defendants to answer plaintiff's interrogatories numbered 12 and 13 is hereby DENIED.
 ***********
Based upon all of the competent evidence, the Full Commission adopts in part and modifies in part the findings of fact of the deputy commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Stanback, plaintiff was 57 years of age.
2. A prior hearing before former Deputy Commissioner Tamara Nance was held November 28, 1994 at which time all disputed issues were litigated; however, no Opinion and Award has been filed with respect to those issues. The sole issue heard by Deputy Commissioner Stanback was whether plaintiff's motion of April 4, 1994 for approval of Dr. Poehling to perform endoscopic surgery should be granted. Although two cases have been consolidated herein, this Interlocutory Opinion and Award concerns only I.C. No. 223652.
3. By order filed June 8, 1995, former Deputy Commissioner Tamara Nance ordered that Dr. Robert Sypher should perform the carpal tunnel release upon plaintiff since "plaintiff has not shown sufficient reason to change the treating physician's referral". Plaintiff filed a motion for a hearing denovo on June 12, 1995 alleging that the June 8, 1995 Order of Deputy Commissioner Nance was administrative and that he desired an opportunity to present testimony of Drs. Ritchie, Sypher and Poehling. Plaintiff, in the alternative, requested a review hearing by the Full Commission on said order. The Full Commission takes judicial notice of a June 20, 1995 letter from the Docket Director of the Industrial Commission wherein both Lambeth cases, I.C. Nos. 223652 and 308579, were placed on the Forsyth County hearing docket for a hearing de novo.
4. A de novo hearing on the order of former Deputy Commissioner Nance was held by Deputy Commissioner Stanback on October 20, 1995 in Winston-Salem. Deputy Commissioner Stanback heard oral arguments by counsel on plaintiff's entitlement to ade novo hearing and thereafter proceeded with the hearing.
5. On September 15, 1993, Dr. John Ritchie, plaintiff's treating physician who was selected by defendants, referred plaintiff to Dr. Gary Poehling, an orthopedic surgeon, for a second opinion regarding treatment of plaintiff's carpal tunnel syndrome, and for surgery, if Dr. Poehling felt it was necessary.
6. Defendants did not approve the treatment recommended by Dr. Poehling and instead preferred that plaintiff be treated by Dr. Sypher. This was unreasonable especially in light of the fact that plaintiff was referred to Dr. Poehling by the physician selected by defendant-carrier to treat the plaintiff.
7. On October 29, 1993, Dr. Ritchie rated plaintiff with a 25% permanent partial disability of his right arm, which included a diagnosis of residual carpal tunnel syndrome.
8. On December 9, 1993, plaintiff exercised his right pursuant to G.S. § 97-27 by presenting himself to Dr. Poehling for a second opinion. In March of 1994, EMG testing prescribed by Dr. Poehling revealed right carpal tunnel syndrome and he recommended surgery. On April 4, 1994, plaintiff filed his motion pursuant to G.S. § 97-25 for approval of Dr. Poehling to perform the surgery recommended.
9. Dr. Poehling performed right carpal tunnel release surgery on August 1, 1995. Plaintiff paid for the costs associated with it. Said surgery was reasonable and necessary to effect a cure or give relief.
10. Defendants' defense of plaintiff's motion herein was reasonable and not based on stubborn unfounded litigiousness.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff timely filed a request for a de novo
hearing review pursuant to I.C. Rule 703 of former Deputy Commissioner Tamara Nance's June 8, 1995 order. Although the June 8, 1995 order of former Deputy Commissioner Nance was entered by a deputy commissioner, said order was made in a summary manner without detailed findings of fact and the Industrial Commission responded to plaintiff's motion for a hearing de novo by setting the case on the docket for ade novo hearing. Plaintiff was entitled to a denovo hearing before a deputy commissioner pursuant to I.C. Rule 703 under the circumstances of this case.
2. Plaintiff was entitled to a second opinion, utilizing a physician of his choice, as to a permanency rating of his right arm. G.S. § 97-27.
3. Plaintiff sought Industrial Commission approval of the treatment recommended by Dr. Poehling within a reasonable time after procuring Dr. Poehling's services. The treatment and surgery performed by Dr. Poehling was reasonable, necessary and tended to effect a cure and rehabilitation. G.S. § 97-25;Forrest v. Pitt County Bd. of Educ., 100 N.C. App. 119,394 S.E.2d 659 (1990), aff'd, 328 N.C. 327,401 S.E.2d 366 (1991).
4. Plaintiff is entitled to payment and reimbursement by the defendants of all medical charges incurred in the treatment rendered by Dr. Poehling. G.S. § 97-25.
5. The de novo hearing of this matter was not defended without reasonable ground.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. The treatment provided to plaintiff, including endoscopic surgery by Dr. Poehling is hereby APPROVED.
2. Defendants shall pay and reimburse all medical expenses incurred by plaintiff in receiving treatment from Dr. Poehling as a result of his compensable injury on December 5, 1991, when bills and receipts for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
3. The deputy commissioner's Award of attorney fees under N.C. Gen. Stat. § 97-88.1 is REVERSED.
4. Defendants shall pay the costs due this Commission.
5. IT IS HEREBY ORDERED that these consolidated cases are REMANDED to a deputy commissioner for an expedited hearing on all remaining issues. The June 8, 1995 order of former Deputy Commissioner Nance is VACATED.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
BSB:md